IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Larry D. Brown, | ) |
| | ) C.A. No. 5:22-352-HMH-KDW |
| Petitioner, | ) |
| | ) |
| vs. | ) **OPINION & ORDER** |
| | ) |
| | ) |
| Warden of Perry Correctional Institution, | ) |
| | ) |
| Respondent. | ) |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.[1] Larry D. Brown ("Brown"), a state prisoner proceeding pro se, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. In her Report and Recommendation, Magistrate Judge West recommends granting Respondent's motion for summary judgment because the petition is untimely under the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1)(A) and Brown is not entitled to equitable tolling. (R&R 8, 10, ECF No. 32.) For the reasons set forth below, the court adopts the Report and Recommendation and grants Respondent's motion for summary judgment.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Brown's objections are nonspecific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean one specific objection. Brown objects to the magistrate judge's conclusion that the statute of limitations should not be equitably tolled based on actual innocence or a miscarriage of justice. (Objs., generally, ECF No. 34.)

When a § 2254 petition is untimely, "[a] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted). "Equitable tolling is appropriate when, but only when, extraordinary circumstances beyond the petitioner's control prevented him from complying with the statutory time limit." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (internal quotation marks omitted). The petitioner bears the burden of showing that he is entitled to equitable tolling. Pace, 544 U.S. at 418.

In his objections, Brown asks the court to toll the statute of limitations "under an actual innocence or miscarriage of justice exception." (Objs. 1, ECF No. 34.) The miscarriage of

justice exception sufficient to justify tolling of the one-year statute of limitations requires a "show[ing] that it is more likely than not that no reasonable juror would have convicted [the movant] in light of . . . new evidence." McQuiggin v. Perkins, 569 U.S. 383, 395 (2013). (internal quotation marks omitted).  A petitioner must present "new reliable evidence – whether it be exculpatory evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995).  "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329.  Claims of innocence must be based on "factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998); see also Kuhlmann v. Wilson, 477 U.S. 436, 454 n.17 (1986) ("[To support a claim of actual innocence,] the prisoner must show a fair probability that, in light of all the evidence, including that alleged to have been illegally admitted . . . , the trier of the facts would have entertained a reasonable doubt of his guilt." (citation omitted)).  Under this standard, Brown presents no evidence to support a finding of miscarriage of justice based on actual innocence.  Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts the magistrate judge's Report and Recommendation.

It is therefore

**ORDERED** that Respondent's motion for summary judgment, docket number 25, is granted and Brown's petition, docket number 1, is dismissed  It is further

**ORDERED** that a certificate of appealability is denied because Brown has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                                s/Henry M. Herlong, Jr.
                                                Senior United States District Judge

Greenville, South Carolina
December 9, 2022

### NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.